Wright, J.,
delivered the opinion of the Court.
This action is brought' to recover the value of work and labor performed and materials furnished by Phelan, a foundry-man, for Overton, in building certain houses in the city of Memphis..
Upon the trial, the defendant offered to prove that the plaintiff furnished the -iron-work, including fronts, &c., in the construction of certain buildings of defendant in Memphis; that the items in the account sued on in this action were a part of the iron-work so furnished; that all the work which plaintiff had performed, and the materials which he had furnished for defendant, -were to these buildings -and- under the same contract; and that the said iron-work was so unskilfully manufactured and put in said buildings by the said plaintiff and his agents, *447 that before all of said work was done, and after said buildings were partially erected, the • said iron fronts, supporting the brick-work, gave way and fell by reason, of the imperfect and unskilful manner in- which'- the plaintiff had manufactured and erected .said iron-work. And- that, after giving plaintiff an opportunity to repair the same, defendant was compelled to pay out .$2,500 to have the same repaired.;, and that said, iron-work .and materials, so done, and furnished by the plaintiff, were unsuited to the purposes’ for which they were sold and used. 'But the Circuit Court refused to allow this evidence to go to the jury. ■ ■ :
In- this we. think.-he erred. It-is well settled, upon common law. principles, that where . the defendant -has sustained damages by reason of the plaintiff’s non-performance of his papt of the agreement sued on, s.uch defendant has the right to abate’ the plaintiff’s -verdict and recovery by the amount of such damages. Porter v. Woods, Stacker & Co., 3 Hum., 56; Whitaker v. Pullen, 3 Hum., 466. In these cases it was held that the amount of damages- to which the - defendant is- entitled, in abatement of the claim against, him- in such case,will be the damages .which. 1 he ..would .be. entitled to recover in a cross-action by him against the plaintiff for the non-performance of his portion of- the agreement.
Not only so, but now by force of the Act of 1856, ch. 71, § 1, the defendant may not only avail himself of these damages to abate or extinguish the plaintiff’s demand against him, but will also be entitled to judgment and execution against - the plaintiff for any amount or balance for which he may be. found liable.
It is settled that where goods are ordered and sup-~| *448 plied, or manufactured for a particular purpose, there is an implied warranty that they are reasonably fit and proper for that purpose. This rule especially applies in a contract between the manufacturer and purchaser of the article. Donelson v. Young Clements, Meigs’ Rep., 155; Chitty on Contracts, 450; 5 Bing., 533; Story on Contracts, § 835.
We think, then, the proof should have been received.
We are not able to perceive from this record that any part of the defective work was performed by Isaac Phelan.
If it shall turn out that he did any portion of it upon a contract unconnected with the plaintiff, of course to that extent the plaintiff will not he held answerable.
The fact that Overton had settled with the plaintiff for a good part of the work and taken his receipts, before it gave way and fell, does not change the rule or lessen the plaintiff’s liability. 10 Yer., 160; 1 Greenl. Ev., § 305. Nor does the fact that these receipts were signed or executed by both the plaintiff and Isaac Phelan preclude the defendant from showing that the work and materials referred to were really performed and furnished by the plaintiff. 1 Greenl. Ev., § 305.
The judgment will be reversed, and a new trial granted.